-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GENEO BROWN,

        Plaintiff,

        -v-

SUPERINTENDENT DAVID NAPOLI, et al.,

        Defendants.

**DECISION and ORDER**
07-CV-838S

---

Plaintiff, Geneo Brown, filed a Complaint pro se alleging that, upon his transfer to the Southport Correctional Facility on November 9, 2007, he was assaulted and subjected to a false misbehavior report, following which he was found guilty at a Tier III Superintendent's Hearing of a violation of various inmate rules. (Docket No. 1, Complaint, First Claim.)

Plaintiff also alleged that following the assault and Hearing, he was placed in B-Block, 3-1-Cell and, after being refused food, he declared himself on a hunger strike and was transferred to the infirmary where he was force fed after Southport applied for and was granted permission to do so by the state court. Plaintiff claimed that this force feeding was in violation of his First Amendment rights to redress grievances and freedom of religion, his Fifth and Fourteenth Amendment rights to due process and to refuse medical treatment, and his Eighth Amendment right to be free from cruel and unusual punishment. (Complaint, Second Claim.)

In a third claim, Plaintiff alleged that he was denied an Earned Eligibility Certificate on account of the false misbehavior report and other evidence presented at the Tier III Superintendent's Hearing. (*Id.*, Third Claim.)

The Court (Hon. Richard J. Arcara) granted Plaintiff's application to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b), dismissed both that portion of the First Claim alleging a constitutional violation based on the filing of a false misbehavior report and the Third Claim in its entirety, and directed service of the Summons and Complaint on Defendants. (Docket No. 5, Decision and Order.) Before service of the Summons and Complaint and the filing of a responsive pleading by Defendants, Plaintiff filed an Amended Complaint (Docket No. 6) and a Motion for an Order to Show Cause and Temporary Restraining Order ("TRO") (Docket No. 8).

The Amended Complaint names the same Defendants, and includes that part of the Complaint not dismissed by the Court--i.e., an assault on November 9, 2007 and due process violation during the Tier III Superintendent's Hearing (Docket No. 6, Amended Complaint, First Claim), and the force feeding of Plaintiff in November 2007 (*id.*, Second Claim). In addition, the Amended Complaint, which may, in effect, be more aptly described as a supplemental complaint, see Fed.R.Civ.P. 15(d), raises (1) allegations of a threat and harassment by Defendant Chapman on January 28, 2008, and an assault on March 21, 2008, by Defendant Chapman and three unnamed correctional officers, which Plaintiff claims involved the use of excessive force in violation of the Eighth Amendment and was in retaliation for the exercise of his "rights" to deny psychiatric services when he was first transferred to Southport in

November 2007, in violation of the First Amendment (Amended Complaint., First Claim); (2) allegations of a second hunger strike and force feeding in April 2008, in violation of Plaintiff's First Amendment rights to redress grievances and freedom of religion, his Fifth and Fourteenth Amendment rights to due process to be free to refuse medical treatment and his Eighth Amendment right to be free from cruel and unusual punishment (*id.*, Second Claim); and (3) allegations that Defendant Napoli, Superintendent at Southport, was fully aware of the events alleged in the Amended Complaint and "coordinated" the efforts to force feed Plaintiff (*id.*, Third Claim).

Following service of the Summons and Complaint on Defendants,[1] and the filing of the Amended Complaint, *see* Fed.R.Civ.P. 15(a)(1)(A), and Motion for an Order to Show Cause and TRO, Defendants filed a Motion to Dismiss the Complaint, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), on the ground that Plaintiff failed to exhaust his administrative remedies as required before bringing suit, *see* 42 U.S.C. § 1997e(a). (Docket Nos. 9-10). Plaintiff has filed a Response to the Motion to Dismiss. (Docket No. 12.)

Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss. *See, e.g.*, *Haywood v. Republic Tobacco, Co., L.P.*, NO. 05-CV-842A, 2007 WL 1063004 (W.D.N.Y., April 6, 2007). In the instant matter, however, the Amended Complaint preceded the filing of the Motion to Dismiss but the Court had not directed service of the Amended Complaint because it had previously directed

---

[1] Prior to receipt of Defendants' Motion to Dismiss, Plaintiff filed a Motion for Service of the Summons and Complaint on Defendants. (Docket No. 11). Filing and service of Defendants' Motion to Dismiss the Complaint moots said Motion for Service.

that the Complaint be served on Defendants. The Amended Complaint is nonetheless the operative pleading in this matter and, therefore, the Motion to Dismiss to the extent it seeks dismissal of the Complaint (as opposed to the Amended Complaint) is, in effect, moot. Accordingly,

IT IS HEREBY ORDERED, that the Motion to Dismiss the Complaint (Docket No. 9) is DENIED without prejudice as moot and the Clerk of the Court is directed to forward to Defendants' counsel, along with this Decision and Order, a copy of Plaintiff's Amended Complaint (Docket No. 6), *see* Fed.R.Civ.P. 5(b)(1), and, pursuant to 42 U.S.C. § 1997e(g), Defendants are directed to respond to both the Amended Complaint and Motion for an Order to Show Cause and TRO within **30 days** of receipt of this Decision and Order and Amended Complaint. *See* Fed.R.Civ.P. 15(a)(3). Defendants may, if the basis of the Motion to Dismiss is equally applicable to the Amended Complaint, file and serve an Amended Motion to Dismiss the Amended Complaint incorporating by reference the Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss;

FURTHER, that if Defendants file and serve a Motion or Amended Motion to Dismiss the Amended Complaint, Plaintiff shall file and serve a response to the Motion or Amended Motion no later than **30 days** after receipt of the Motion or Amended Motion, and Defendants may file and serve a reply, if any, within **14 days** of receipt of Plaintiff's Response to the Motion or Amended Motion to Dismiss;

FURTHER, that Plaintiff may file and serve a reply, if any, to Defendants' Response to the Motion for an Order to Show Cause and TRO within **14 days** of receipt of Defendants' Response to the Motion; and

FURTHER, Plaintiff's Motion for Service of the Summons and Complaint (Docket No. 11) is DENIED as moot.

SO ORDERED.

Dated:       September 26, 2008
             Buffalo, New York

                                          /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                         United States District Judge